UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL MALONEY, | Civil No. 14-544 (DSD/SER) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| COUNTY OF HENNEPIN, COUNTY OF HENNEPIN PUBLIC DEFENDERS OFFICE, WILLIAM M. WARD, GARY LARSON, and DOES 1-1000, | |
| Defendants. | |

Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1) is before the undersigned.  (Docket No. 2.)  The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

**I. BACKGROUND**

Plaintiff alleges that in 2007, a criminal action was brought against him in Hennepin County District Court, Minnesota, and a warrant was issued for his arrest. (Complaint, [Docket No. 1], p. 4, ¶ 13.)  On or about October 19, 2013, Plaintiff was arrested pursuant to the 2007 warrant, and he was released on his own recognizance the following day.  (Id., p. 5, ¶ 17.)  At a court hearing held on December 19, 2013, the presiding state court judge directed Plaintiff to retain criminal defense counsel.  (Id.)

On January 16, 2014, Plaintiff used a Hennepin County District Court computer

terminal to apply for legal representation by the Hennepin County Public Defenders Office. (Id., p. 6, ¶s 21-22.) According to Plaintiff, the computer informed him that he was ineligible because he owns a house located in Crystal, Minnesota. (Id., p. 6, ¶ 23.)

Later that afternoon, (January 16, 2014), Plaintiff appeared before Hennepin County District Court Judge Gary Larson, and stated that he needed a public defender to represent him in his pending criminal case. (Id., p. 7, ¶ 24.) Plaintiff further stated that because he owns a house in Crystal, "the Hennepin County Public Defender's computer program disqualified [Plaintiff] automatically" from being eligible for a public defender. (Id.) Judge Larson allegedly told Plaintiff that he would have to "get a loan" on his house so he could retain an attorney. (Id.) Plaintiff attempted to explain that he would not be able to use his house to obtain a loan, because he has no equity in the house. (Id.) Judge Larson, however, allegedly refused to listen to Plaintiff's explanation. (Id.) Plaintiff alleges that Judge Larson belittled him and treated him disrespectfully, and that the Judge's courtroom "at its best seemed like Wild West shoot from the hip justice and at its worst like a bad standup comedy routine... only with individuals' personal freedoms and constitutional rights hanging in the balance." (Id., p. 7, ¶ 25.) Ultimately Judge Larson denied Plaintiff's request for appointment of counsel.

The foregoing allegations provide the factual basis for Plaintiff's current suit. Plaintiff claims that Defendants violated his federal constitutional rights, and rights arising under various state statutes and legal doctrines, by preventing him from obtaining a public defender. Plaintiff is seeking a multi-million dollar judgment against Defendants for compensatory and punitive damages.

**II. DISCUSSION**

An IFP application will be denied, and the action will be dismissed, when a plaintiff has filed a complaint that (a) fails to state a claim on which relief can be granted, or (b) seeks a judgment against a defendant that is legally immune from the plaintiff's claims. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

A. Claims Against Defendant Judge Gary Larson

The Court initially finds that all of Plaintiff's claims against Defendant Judge Gary Larson must be dismissed summarily because of the doctrine of judicial immunity.

It is well settled that judges are completely immune from civil lawsuits based on claims of misconduct during the performance of their judicial functions. Pierson v. Ray, 386 U.S. 547, 553-54 (1967); Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Mireles v. Waco, 502 U.S. 9, 11 (1991); Liles v. Reagan, 804 F.2d 493, 495 (8th Cir. 1986). There are only two sets of circumstances in which the doctrine of judicial immunity can be overcome – (1) if the judge is being sued for actions that were not taken in the judge's judicial capacity, and (2) if the judge is being sued for actions taken "in the complete absence of jurisdiction." Mireles, 502 U.S. at 11-12.

Here, Plaintiff is clearly attempting to sue Judge Larson based on actions that he allegedly performed while serving in his capacity as a judge. All of Plaintiff's allegations pertaining to Judge Larson describe alleged misconduct while on the bench in the courtroom, and while presiding over cases– including Plaintiff's case. Judge Larson is clearly being sued for what he allegedly did while he was performing his duties as a judge.

Nothing in Plaintiff's complaint suggests that Judge Larson was not acting in his judicial capacity during the events giving rise to Plaintiff's claims against him, and there are no allegations suggesting that Judge Larson was acting "in the complete absence of jurisdiction" during those events.

Obviously Plaintiff believes that Judge Larson misused or abused his judicial capacity, and his jurisdiction, but there are no allegations showing that Judge Larson was acting completely outside of his judicial capacity, or acting without any jurisdiction whatsoever. A judge does **not** lose his or her judicial immunity by merely exceeding or abusing his or her authority. See Stump, 435 U.S. at 356-57 ("[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'") (quoting Bradley v. Fisher, 80 U.S. 335, 351 (1872)); see also Mireles, 502 U.S. at 11 ("judicial immunity is not overcome by allegations of bad faith or malice"). Indeed, an action taken by a judge in his or her judicial capacity "does not become less judicial by virtue of an allegation of malice or corruption of motive." Forrester v. White, 484 U.S. 219, 227 (1988). The Supreme Court explicitly held that "immunity applies even when the judge is accused of acting maliciously and corruptly." Pierson, 386 U.S. at 554.

All of the allegations in Plaintiff's complaint show that Judge Larson is being sued for acts performed in his capacity as a judge, and while he was presiding over cases that were within the jurisdiction of his court. Therefore, all of Plaintiff's claims against Defendant Judge Gary Larson must be summarily dismissed based on the doctrine of

judicial immunity.

### B. Claims Against The Additional Defendants

Plaintiff is also attempting to sue other Defendants besides Judge Larson, namely Hennepin County, the Hennepin County Defenders Office, William M. Ward, and "Does 1-1000." Plaintiff has not pleaded, however, any facts that could support any cognizable cause of action against any of those additional Defendants.

To state a cause of action on which relief can be granted, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Plaintiff's complaint fails to state any actionable claim for relief against any of the additional Defendants, (i.e., the Defendants other than Judge Larson), because Plaintiff has not presented any specific historical facts that could entitle him to any judgment against any of those Defendants under any conceivable legal theory. The complaint does not describe anything that any of the additional Defendants actually did

5

(or failed to do) that could be viewed as a violation of the federal Constitution or any state statute or legal doctrine.

The Court first notes that two of the named Defendants, "County of Hennepin" and "William M. Ward," are never even mentioned in any of the substantive allegations of Plaintiff's complaint. "County of Hennepin" apparently is being sued simply because the events on which Plaintiff's lawsuit is based occurred within Hennepin County, and because Plaintiff's claims stem from a criminal action brought in Hennepin County District Court. There are no allegations in the complaint showing that **Hennepin County itself** did anything, (or failed to do anything), that violated any of Plaintiff's rights under any state or federal law.[1] The complaint likewise fails to describe any specific acts or omissions by Defendant William M. Ward. Defendant Ward is alleged to be "an individual who worked for and has primary charge of the Hennepin County Public Defender's office," (Complaint, p. 2, ¶ 6), but Plaintiff has not described anything that Defendant Ward himself actually did (or failed to do) that could support any cause of action against him.

---

[1] Plaintiff may believe that Hennepin County should somehow be held vicariously liable for someone else's alleged misdeeds, but he has not presented any such claim in his complaint, nor has he alleged any facts to support any such claim. The Court also notes that Plaintiff's claims against the County presumably are brought under 42 U.S.C. § 1983, and the doctrine of respondeat superior does not apply to actions brought under that statute. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

The caption of Plaintiff's complaint also indicates that he is attempting to sue Does 1-1000, but Plaintiff has alleged no facts to support any claim against any such Defendant. Plaintiff has failed to identify any Doe Defendant by name or by any other description, and he has not described any specific act or omission by any Doe Defendant that could support any cause of action against any such Defendant.

Finally, the Court finds that Plaintiff has failed to plead any actionable claim for relief against any of the additional Defendants, including the Defendant identified as "County of Hennepin Public Defenders Office,"[2] because Plaintiff's claims are based on the erroneous notion that those Defendants had a duty under the Constitution and state law to ensure that Plaintiff was represented by counsel in his criminal case. All of Plaintiff's claims against all of the Defendants are based on the proposition that Defendants deprived Plaintiff of his legal right to be represented by a public defender in his state criminal case. In fact, however, only Judge Larson (or some other state court judge) had the legal authority to determine whether a public defender should represent Plaintiff. Therefore, only Judge Larson could have deprived Plaintiff of any right that he had to be represented by a public defender.

---

[2] The Court questions whether "County of Hennepin Public Defenders Office" actually is a cognizable legal entity that has the capacity to be sued. For now, however, the Court will assume that this putative defendant actually is a suable entity.

Under Minnesota law, the state district court is **solely** responsible for determining whether a criminal defendant is financially eligible for appointment of a public defender. The applicable statute requires that a criminal defendant who seeks representation by a public defender must submit a completed financial statement that explains his or her financial circumstances. Minn.Stat. § 611.17(b). The statute further requires the state public defender to "furnish appropriate forms for the financial statements," but the statute expressly states that "**the court** shall make an appropriate determination of financial eligibility" for appointment of a public defender. Id. (emphasis added). Indeed, the statute states that:

> "In no case shall the district public defender be required to perform this inquiry or investigate the defendant's assets or eligibility. **The court has the sole duty to conduct a financial inquiry**."

Id. (emphasis added).

The fundamental premise of Plaintiff's entire lawsuit is that all Defendants deprived him of his legal and constitutional right to be represented by a public defender. That premise, however, is simply fallacious. In truth, only Judge Larson (or some other state court judge) could determine whether Plaintiff was eligible to have a public defender in his criminal case. See Minn.Stat. § 611.18 ("[i]f it appears **to a court** that a person requesting the appointment of counsel satisfies the requirements of this chapter, **the court** shall order the public defender to represent the person") (emphasis added). None of the other Defendants in this case had any legal authority or responsibility to determine whether Plaintiff was eligible for appointment of a public defender, and therefore none of those other Defendants can bear any liability for Plaintiff's alleged deprivation of his right

to counsel.[3]

---

[3] In <u>Hodak v. Office of Missouri State Public Defender</u>, No. 4:07CV1532 RWS (E.D.Mo. 2008), 2008 WL 544710, a claimant named Hodak attempted to sue the Missouri State Public Defender, ("MSPD"), for refusing to represent him in a misdemeanor case. The federal district court dismissed Hodak's complaint for failure to state an actionable claim for relief. The court's written decision includes the following reasoning, which is fully applicable to Plaintiff's present lawsuit:

> "I will assume without deciding that, as an indigent defendant, and in the absence of a valid waiver of counsel, Hodak's constitutional rights entitled him to representation by court-assigned counsel in this matter.... [B]ut Hodak has not provided any authority for the premise that the MSPD, specifically, must provide the representation to which he is entitled. After the MSPD rejected Hodak's request for counsel, Hodak should have sought relief from the trial court and not the MSPD, because the MSPD had no independent duty to acquiesce to his demands. **It is ultimately the court's duty, not the MSPD's duty, to provide counsel for an indigent defendant**. Mo.R.Crim. P. § 37.50 (upon showing of indigency by a defendant, it is the duty of the judge to appoint counsel to represent the defendant)."

<u>Id</u>. at *4 (citations omitted) (emphasis added).

## III. CONCLUSION

For the reasons discussed above, the Court finds that all of Plaintiff's claims against Defendant Judge Gary Larson must be summarily dismissed based on judicial immunity. The Court further finds that Plaintiff's complaint fails to state an actionable claim for relief against any of the other Defendants that he is attempting to sue in this case. Therefore, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii) and (iii).

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Dated: March 18, 2014

*s/ Steven E. Rau*
Steven E. Rau
United States Magistrate Judge

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by April 1, 2014. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the District Judge is not required to review a transcript or the District Judge directs otherwise.